IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TITUS CAPITAL I, LLLP,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 13-CV-282-WDS |
| | ) |
| **SIGNCO,** | ) |
| | ) |
| Defendant. | ) |

## ORDER

**STIEHL, District Judge:**

This matter is before the Court, *sua sponte*, for docket control. The Court has an independent obligation to ensure that federal subject-matter jurisdiction exists in every case that comes before it. *See, e.g., Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 678 (7th Cir. 2006) ("[F]ederal courts are required to police their jurisdiction . . . ."). The plaintiff alleges, and defendant agrees, that this Court has diversity jurisdiction over this case pursuant to 28 U.S.C. § 1332. Diversity jurisdiction is proper when the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). The Supreme Court has long interpreted the diversity statute to require complete diversity between the parties. *See, e.g.*, *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806); *Carden v. Arkona Assocs.*, 494 U.S.185, 187 (1990).

The bench and bar of the Seventh Circuit have also been reminded "that it is their nondelegable duty to police the limits of federal jurisdiction with meticulous care and to be particularly alert for jurisdictional problems in diversity cases in which one or more of the parties

is neither an individual nor a corporation." *Mkt. St. Assocs. Ltd. P'ship v. Frey*, 941 F.2d 588, 590 (7th Cir. 1991).

There are deficiencies in plaintiff's jurisdictional statements. To begin with, the plaintiff alleges that defendant SignCo is a Nebraska corporation and a citizen of the State of Nebraska. "A corporation is a citizen of its state of incorporation and principal place of business." *Johnson v. Schnuck Mkts., Inc.*, 495 F.App'x 733, 735 (7th Cir. 2012) (citing 28 U.S.C. § 1332(c)(1)). The Court seeks clarification as to whether defendant was incorporated by the state of Nebraska, and the location of its principal place of business.

With respect to the plaintiff itself, the plaintiff alleges it, Titus Capital I, LLLP, is a Florida limited liability limited partnership. The term "Florida limited liability limited partnership," however, is not helpful in the context of determining whether diversity jurisdiction exists in this case. "There is no such thing as 'a [state name] limited partnership' for purposes of the diversity jurisdiction. There are only partners, each of which has one or more citizenships." *Guaranty Nat'l Title Co. Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 59 (7th Cir. 1996).

For limited partnerships, limited liability companies, or similar organizations, "the citizenship of every investor counts" for jurisdictional purposes. *White Pearl Inversiones S.A. (Uruguay) v. Cemusa, Inc.*, 647 F.3d 684, 686 (7th Cir. 2011). "If even one investor in an LP or LLC has the same citizenship as any party on the other side of the litigation, complete diversity is missing and the suit must be dismissed." *Id.* In other words, "for purposes of deciding whether a suit by or against a limited partnership satisfies the requirement of complete diversity of citizenship-that no party on one side of the case may be a citizen of the same state as any party on the other side-the citizenship of all the limited partners, as well as of the general partner, counts." *Mkt. St. Assocs.*, 941 F.2d at 589. Additionally, "residence and citizenship are not

synonyms and it is the latter that matters for purposes of the diversity jurisdiction." *Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002). Further, "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Id.*

The plaintiff is therefore **DIRECTED** to submit a jurisdictional supplement in which plaintiff (1) establishes whether defendant is incorporated in the state of Nebraska and where its principal place of business is located, (2) provides the name and citizenship of each limited and general partner of the plaintiff, and (3) which otherwise complies with this Order, on or before **October 31, 2013**.

**IT IS SO ORDERED.**

**DATE:** <u>October 16, 2013</u>

                                           **/s/  WILLIAM D. STIEHL**
                                               **DISTRICT JUDGE**